United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40598
Summary Calendar
_____

MAURICE RIEMER CALHOUN,

Petitioner-Appellant,

versus

FCI WARDEN, TEXARKANA, TX,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:05-CV-198
- - - - - - - - - -

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Maurice Riemer Calhoun, federal prisoner # 11726-035, appeals the district court's dismissal of his pro se 28 U.S.C. § 2241 habeas petition. Calhoun is serving concurrent 60-month prison sentences for 2003 convictions of wire fraud and conspiracy to commit equity skimming. He contends that the district court erred in concluding that Bureau of Prisons (BOP) officials did not abuse their discretion in denying him admission to the BOP's Residential Drug Abuse Treatment Program (RDAP), the completion of which would have allegedly entitled Calhoun to a sentence reduction under 18 U.S.C. § 3621(e).

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3621(e) provides that federal prisoners convicted of nonviolent offenses who complete an RDAP may apply for sentence reductions of up to one year at the discretion of the BOP director. See Warren v. Miles, 230 F.3d 688, 691 (5th Cir. 2000). Calhoun was not permitted to participate in the RDAP because officials determined, under BOP Policy Statement (PS) 5330.10, that he had no "verifiable documented drug abuse problem." Calhoun does not dispute that his Presentence Report and intake screening interview and other information in his central file--information which PS 5331.10 directs BOP officials to consider in determining whether an inmate should be admitted to the RDAP--offered no evidence that he had a substance-abuse problem. Officials also concluded that letters and other evidence offered by Calhoun were not "sufficient supporting documentation of a substance abuse diagnosis," a conclusion that is supported by the record. Calhoun has not established that the denial of his request for admission to the RDAP was arbitrary, capricious, or an abuse of the BOP's broad discretion. See Jupiter Energy Corp. v. F.E.R.C., 407 F.3d 346, 349 (5th Cir. 2005); see also Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). Calhoun's assertion of personal discrimination is not sufficient to state an equal protection claim because he has not shown that there was no rational basis for treating him differently from others similarly situated. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Calhoun's failure to brief a second claim raised in his § 2241 petition--that the BOP was incorrectly computing his good time credit--amounts to an abandonment of that claim. See Summers v. Dretke, 431 F.3d 861, 882 n.12 (5th Cir. 2005), cert. denied, 127 S. Ct. 353 (2006); Fed. R. App. P. 28(a)(9).

The judgment of the district court is AFFIRMED.